IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DELORES EDITH BUNCH-
KEEMER BEY,

        Plaintiff,

    v.

STATE OF GEORGIA, *et al.*,

        Defendants.

CIVIL ACTION FILE NO.

1:18-cv-02860-LMM-RGV

**MAGISTRATE JUDGE'S FINAL
<u>ORDER, REPORT, AND RECOMMENDATION</u>**

Plaintiff Delores Edith Bunch-Keemer Bey ("plaintiff"), proceeding *pro se*, seeks to file this action without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). [Doc. 1]. After consideration of plaintiff's affidavit, her request to proceed *in forma pauperis*, [Doc. 1], is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.[1]

---

[1] The pleading filed by plaintiff bears the title "Legal Notice of Removal," and has "Notice of Removal" printed at the bottom of each page. [Doc. 1-1]. Her pleading mentions municipal court, [<u>id.</u> at 1], Cobb County Magistrate Court, [<u>id.</u> at 2], and Cobb County State Court, [<u>id.</u> at 3], and references "ticket/ summon/ suit/ complaint No. 18-E-01273 and 18-E-30," [<u>id.</u> at 4], without specifying the court in which these matters were filed. In documents filed with her pleading, plaintiff references "State Court Case 18-D-30," <u>see</u> [Doc. 1-5 at 1; Doc. 1-6 at 2], which appears to be an appeal she filed in Cobb County State Court regarding a judgment entered in the Magistrate Court of Cobb County, <u>see</u> [Doc. 1-5 at 1-2; Doc. 1-6 at 1]. However, to the extent she is attempting to remove this action from the Cobb

## I. LEGAL STANDARDS

### A.    Frivolity Review

Pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss [an *in forma pauperis*] case at any time if the court determines that . . . (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint "is frivolous where it lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)). "'Fantastic' or 'delusional' allegations are examples of

---

County State Court or to remove another action from any of the courts mentioned in her pleading, she has not adequately identified a pending action or specified the court from which she seeks to remove the action, and she has failed to comply with the procedural requirements for removal as she has not attached the state court pleadings, see 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."). Because plaintiff has not demonstrated any basis for removal of a pending action from state court and since she specifically seeks compensatory and punitive damages from the named defendants, [Doc. 1-1 at 11-12], her pleading is construed as an attempt file an original action in this Court.

clearly baseless allegations." Riley v. Goodblatt, No. 6:09-cv-646-Orl-28GJK, 2009 WL 1531012, at *4 (M.D. Fla. May 29, 2009), adopted at *1 (citation omitted). "Unsupported conclusory factual allegations also may be 'clearly baseless.'" Id. at *5. And, "[i]n the context of a frivolity determination, the Court's authority to pierce the veil of the complaint's factual allegations[] means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Hunter v. Goodman, CIVIL ACTION NO. 1:17-CV-2808-LMM, 2017 WL 6381701, at *1 (N.D. Ga. Aug. 28, 2017) (citation and internal marks omitted). Moreover, "[w]hile the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (citation and internal marks omitted). That is, "[a] plaintiff is required to present more than an unadorned, the-defendant-unlawfully-harmed-me accusation and naked assertion[s] devoid of further factual enhancement do not suffice." Id. (last alteration in original) (citation and internal marks omitted). However, because plaintiff is proceeding *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys

and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110

(11th Cir. 2006) (citation and internal marks omitted).[2]

## B.    Federal Jurisdiction

Federal courts have original jurisdiction over an action only if: "(1) the parties

are diverse and meet the statutory requirements for diversity jurisdiction; (2) the

face of the complaint raises a federal question; or (3) the subject matter of a putative

state-law claim has been totally subsumed by federal law such that the state-law

claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No.

1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v.

Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)).  As the Eleventh Circuit has explained:

> Federal courts have limited subject matter jurisdiction, or in other
> words, they have the power to decide only certain types of cases. While
> Article III of the Constitution sets the outer boundaries of that power,
> it also vests Congress with the discretion to determine whether, and to
> what extent, that power may be exercised by lower federal courts.
> Consequently, lower federal courts are empowered to hear only cases
> for which there has been a congressional grant of jurisdiction, and once
> a court determines that there has been no grant that covers a particular
> case, the court's sole remaining act is to dismiss the case for lack of
> jurisdiction.

---

[2] "However, nothing in that leniency excuses a plaintiff from compliance with
threshold requirements of the Federal Rules of Civil Procedure," nor "does this
leniency require or allow courts to rewrite an otherwise deficient pleading [by a *pro
se* litigant] in order to sustain an action." Hunter, 2017 WL 6381701, at *2 (alteration
in original) (citations and internal marks omitted).

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000) (internal

citations omitted); see also Beavers v. A.O. Smith Elec. Prods. Co., 265 F. App'x 772,

777 (11th Cir. 2008) (per curiam) (unpublished) (citations omitted) ("'If the court

determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action.'"). The burden is on plaintiff to show that the federal court has

jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

## II.   ANALYSIS

Plaintiff's complaint largely consists of a series of conclusory statements and

quotations from court cases, but it appears that plaintiff, who asserts that she is "not

a Statutory Person," but an "Aboriginal Indigenous Moorish-American; possessing

Free-hold by Inheritance status; standing squarely affirmed and bound to the Zodiac

Constitution," [Doc. 1-1 at 1-2], alleges that her federal rights were violated when the

"Officers of STATE OF GEORGIA commanded that [she] be removed from her

ancestral estate under threat, duress, and coercion," [id. at 4 (emphasis omitted)].

She seems to contend that this action is premised on federal question jurisdiction.

See generally [Doc. 1-1].[3]

---

[3] Plaintiff does not assert that the parties are diverse, and to the extent she was
attempting to remove an action from state court based on diversity, diversity
jurisdiction would be improper. "The principal federal statute governing diversity
jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all
civil actions 'between . . . citizens of different States' where the amount in

Federal question jurisdiction "'exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted). Federal Rule of Civil Procedure 8(a) requires a pleading to contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader

---

controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (alteration in original) (footnote omitted) (quoting 28 U.S.C. § 1332 (a)(1)). "Under [28 U.S.C.] § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides," however, "[t]he removal statute does not provide an in-state defendant the same flexibility in removing cases." Fed. Nat'l Mortg. Ass'n v. Avendano, Civil Action File No. 1:10-CV-3391-TWT-AJB, 2010 WL 4963027, at *3 (N.D. Ga. Oct. 28, 2010), adopted by 2010 WL 4963024, at *1 (N.D. Ga. Nov. 30, 2010) (citing Lincoln Prop. Co., 546 U.S. at 89-90). Indeed, "[28 U.S.C.] § 1441(b) bars removal on the basis of diversity if the defendant is a citizen of the [s]tate in which the action is brought." Id. (alterations, citations, and internal marks omitted). Therefore, even if plaintiff had properly asserted diversity jurisdiction as a basis for removal, "§ 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because [plaintiff is a] citizen[] of the [s]tate of Georgia[.]" Id. at *4 (citations omitted); see also Bregman v. Alderman, 955 F.2d 660, 663 (11th Cir. 1992) (per curiam) (citation omitted).

is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated and how the allegations set forth in the complaint relate to those violations. See 28 U.S.C. § 1331.

The allegations in plaintiff's complaint, even when broadly construed, do not permit this Court to find federal question jurisdiction. Instead, it appears that plaintiff is merely attempting to collaterally attack a state court judgment and underlying proceedings, see [Doc. 1-1 at 4-5, 13-20], and her complaint is therefore due to be dismissed under the Rooker-Feldman[4] doctrine because a federal district court cannot act as an appellate court and reverse a state court's judgment, see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (noting Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Moreover, to the extent plaintiff seeks to compel some performance by state officials, the Court has no general power to direct state officials in the

_____

[4] See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

performance of their duties.  See Brown v. Lewis, 361 F. App'x 51, 56 (11th Cir. 2010)

(per curiam) (unpublished) (citing Moye v. Clerk, DeKalb Cty. Superior Court, 474

F.2d 1275, 1276 (5th Cir. 1973) (per curiam)).[5]   Indeed, to the extent plaintiff

challenges the writ of possession issued in state court as invalid, see [Doc. 1-1 at 13,

15, 17-18], that issue should be raised in state court.[6]  And, although plaintiff appears

to invoke the Constitution, she does not provide any information about how any of

the named defendants' actions would support any plausible claim under federal

law, and a complaint cannot consist of vague and conclusory allegations, but must

clearly state a cause of action.  See Ransom v. Colonial Counseling Assocs., No. 6:08-

cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1.

Thus, the allegations in plaintiff's complaint do not "say[] enough about jurisdiction

to create some reasonable likelihood that the court [has jurisdiction over the case],"

Miccosukee Tribe of Indians v. Kraus–Anderson Constr. Co., 607 F.3d 1268, 1276

---

[5] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[6] Although plaintiff is proceeding *pro se,* she is no stranger to the judicial process as she has filed several actions in this Court, all of which have been dismissed as frivolous.  See Cleopatra Jones Estate v. WRI Prop. Mgmt., LLC, Civil Action No. 1:18-cv-00979-LMM, at [Docs. 1, 4, & 5] (N.D. Ga. 2018); Bunch-Keemer Bey v. Sloan, Civil Action No. 1:18-cv-00689-LMM, at [Docs. 1, 4, 5, 11, & 12] (N.D. Ga. 2018); Bunch-Keemer Bey v. Wells Fargo Home Mortg., Civil Action No. 1:17-cv-05162-LMM, at [Docs. 1, 3, 4, 6, & 7] (N.D. Ga. 2017).

(11th Cir. 2010) (citation and internal marks omitted), and for these reasons, plaintiff's complaint is due to be dismissed.[7]

### III.  CONCLUSION

For the reasons stated, plaintiff's request to proceed *in forma pauperis*, [Doc. 1], is hereby **GRANTED,** but it is **RECOMMENDED** that this action be **DISMISSED**. Alternatively, to the extent plaintiff's pleading is an attempt to remove case number 18-D-30 from the Cobb County State Court, it is **RECOMMENDED** that this action be remanded to the Cobb County State Court.

---

[7] Moreover, plaintiff's allegations are not supported by sufficient factual information to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citation omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Plaintiff's conclusory allegations in her complaint run directly contrary to the Supreme Court's holding in Iqbal, in which the Court stated:

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

556 U.S. at 678-79 (citation omitted). Accordingly, plaintiff's complaint also is due to be dismissed as frivolous for failure to state a plausible claim.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED**, this 26th day of June, 2018.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE